**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| CONFLUENCE,<br>Plaintiff,<br><br>vs.<br><br>CONFLUENCE CONSULTING, INC.,<br>Defendant. | Civil Action No. 16-539<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff, Confluence, by and through its undersigned attorneys for its complaint against Confluence Consulting, Inc. ("Confluence Consulting") allege as follows:

**PARTIES**

1. Plaintiff, Confluence is an Iowa corporation with a principal place of business at 525 17th Street, Des Moines, Iowa 50309.

2. Upon information and belief, Defendant, Confluence Consulting Inc., is a Montana Incorporated Company, with a principal place of business located at 1115 N. 7th Ave, Ste. 1, Bozeman, Montana 59771.

**JURISDICTION AND VENUE**

3. This action arises under the Acts of Congress under the Lanham Act, 15 U.S.C. § 1051, et seq.  As such, this Court has subject matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

4. This Court has subject matter jurisdiction under the provisions of 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.

5. This Court may exercise personal jurisdiction over Confluence Consulting. Upon information and belief, a substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district.

6. This Court has supplemental jurisdiction over the claims brought under the common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## PLAINTIFFS' BUSINESS AND TRADEMARK RIGHTS

8. Confluence is a company that professionally consults in the fields of landscape architecture, urban planning, and urban design throughout the Midwest.

9. Confluence owns and uses in commerce the distinctive mark CONFLUENCE, U.S. Registration No. 3,612,235 for "professional consulting in the fields of landscape architecture, urban planning and urban design" (hereinafter "the '235 Registration").

10. Confluence has been using the CONFLUENCE mark since at least as early as July 7, 2008, in conjunction with its professional consulting services.

11. Confluence starting in 2008 has continuously used the CONFLUENCE mark in association with its professional consulting.

12. Confluence has spent significant time, money, and effort in developing the recognition of its CONFLUENCE mark and related services.

## DEFENDANT'S UNLAWFUL CONDUCT

13. Confluence Consulting has been operating in Montana under the Confluence Consulting Inc. name.

14. Confluence Consulting is used in association with professional consulting services in the area of environmental development, management, restoration, architecture permit acquisition and compliance, design, and project programming.

15. Confluence Consulting has a website at www.confluenceinc.com where Confluence Consulting advertises its services including professional consulting in the areas of design and development of residential and industrial areas.

16. The advertising and promotion of professional consulting services by Confluence Consulting has created a likelihood of confusion between their services and the '235 Registration.

**DEFENDANT'S INFRINGEMENT OF FEDERALLY REGISTERED MARK**

17. Confluence repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

18. This cause of action is for trademark infringement pursuant to 15 U.S.C. § 1114, et seq.

19. Confluence Consulting's use and continued use of the mark CONFLUENCE in advertising is likely to cause confusion or mistake amongst, or likely to mislead and/or deceive prospective consumers with respect to the origin and quality of Confluence Consulting services, and Confluence has been and is likely to be damaged by such actions.

20. Confluence Consulting targets the same consumer base as Confluence.

21. Confluence Consulting's services are within a trade channel identical to that of Confluence.

22. Confluence's goodwill is extremely valuable, and Confluence Consulting's continued unauthorized use of the CONFLUENCE mark is detrimental to Confluence.

23. Confluence Consulting has not received authorization or permission from Confluence to continue using the CONFLUENCE mark. Similarly, Confluence has not acquiesced to Confluence Consulting's use of the CONFLUENCE mark.

24. As a result of Confluence Consulting's unlawful conduct, Confluence has suffered, and will continue to suffer, substantial damages. Under 15 U.S.C. § 1117(a) Confluence is entitled to recover damages, which include any and all profits Confluence Consulting has made as a result of their unlawful conduct.

25. Confluence is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a). Confluence has no adequate remedy at law for Confluence Consulting's unlawful conduct because, among other things, (a) Confluence's trademark is unique and valuable property which has no readily determinable market value, (b) Confluence Consulting' infringement constitutes harm to Confluence such that Confluence could not be made whole by any monetary reward, (c) if Confluence Consulting's unlawful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) Confluence Consulting's unlawful conduct, and the resulting damage to Confluence, is continuing.

26. Confluence is also entitled to an order compelling the impounding of all infringing materials being used, offered, marketed, or distributed by Confluence Consulting.

27. Confluence is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

**PRAYER FOR RELIEF**

Wherefore, Confluence prays for relief against Confluence Consulting as follows:

1. That the Court permanently enjoin and restrain Confluence Consulting, its officers, directors, agents, employees and all persons in active concert or participation with it who receives actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following**:**

    A. infringing or contributing to the infringement of the CONFLUENCE mark;

    B. engaging in any acts or activities directly or indirectly calculated to infringe the CONFLUENCE mark;

    C. using any designation, term, marks, slogan, logo, configuration or design that is confusingly similar to the CONFLUENCE mark.

2. That the Court enter an order pursuant to 15 U.S.C. § 1116(d)(1)(A) impounding all counterfeit and infringing materials bearing the CONFLUENCE mark.

3. Awarding Confluence its actual damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Confluence Consulting's acts of willful trademark infringement.

4. Awarding Confluence its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a).

5. Directing such other action as the Court may deem appropriate to prevent the public from deriving the erroneous impressions that any services offered, advertised, or promoted by, or on behalf of Confluence Consulting is authorized by Confluence or related in any way to Confluence's services.

6. Directing Confluence Consulting to file with the Court and serve upon Confluence's counsel within thirty (30) days after entry of judgment a report in writing under

oath setting forth in detail the manner and form in which Confluence Consulting has complied with the above.

7. That the Court grant Confluence such other relief as is just and proper.

## JURY TRIAL DEMAND

COMES NOW the Plaintiff and hereby demands a trial by jury of all issues herein.

Dated: October 6, 2016.

By: /s/Timothy J. Zarley
Timothy J. Zarley
Iowa Bar No. 15785
ZARLEY LAW FIRM, P.L.C.
400 Locust Street
Capital Square, Suite 200
Des Moines, IA 50309-2350
Telephone: (515) 558-0200
Facsimile: (515) 558-7790
E-mail address: tzarley@zarleylaw.com

**Attorney For Plaintiff Confluence**